COOPER *against* SPICER, SNIFFEN & ODDIE, manucaptors
of CALDWELL.

SPICER and Caldwell became special bail for Oddie. They were excepted to, by the usual entry on the back of the original bail piece, notice given of the exception to the defendant's attorney, and Oddie refusing to justify, Sniffen became bail with Spicer, and these latter justified as special

*Special bail who are excepted to, and neglect to justify, cease to be bail; and may move to have an exon-*

*eretur* entered upon the bail piece ;

But till they do this, they may be proceeded against as bail, and their names are properly inserted in the recognizance roll.

Where one excepted to, and not justifying, was thus made a party *pro forma,* and sued, but no process served on him, *held,* that the exception was no defence for the other bail, but judgment might go against all, with a stay of execution as to the one not brought in.

*Held,* also, that the other bail had no right to move in his behalf for an *exoneretur.* The right is personal to himself, which he may waive, and suffer himself to be charged.

bail. Sniffen became bail by singly acknowledging a separate bail piece ; and the exception still remains on the original bail piece, no waiver thereof being entered, or intimated to either of the defendants. Judgment against Caldwell was entered the 1st day of last February term ; a *fi. fa.* issued, returnable the next day, (2d day of February term,) a *ca. sa.* issued the 18th day of the same month, (the 3d day of the term,) returnable the 24th day of the same month, (9th day of the term,) the *capias ad respondendum,* against all three of the bail was issued on the 25th day of the same month (the 10th day of term) returnable the 28th day of the same month, (13th and last of the term,) which was returned *cepi corpora,* as to Spicer and Sniffen, and *non est* as to Oddie ; and, on issue joined of *nul tiel record,* the cause was noticed for trial at this term ; the recognizance roll having been drawn up and filed against all three of the bail. And now,

*W. A. Seely,* for the plaintiff, moved to bring on the trial by record.

*D. Selden,* contra, in behalf of Spicer and Sniffen, and pursuant to a notice duly given for the purpose, moved that an *exoneretur* be entered on the original bail piece as to Oddie ; and that the recognizance roll be set aside. He cited *Humphrey* v. *Leite,* (4 Burr. 2107,) and *Flack* v. *Eager,* (4 John. Rep. 185.) Oddie should not have been included in the roll. It is an injury to him, and an *irregularity* as it respects the true bail, who may move to set aside the proceedings. They have a right, in this way, to avail themselves of being improperly joined with Oddie. When once excepted to, a man is not bail even for the purpose of surrendering, though his name be not stricken from the bail piece. (*Mills* v. *Head,* 4 B. & P. 137.) On exception, and neglect to justify within the regular time, he ceases to be bail. (*The People ex rel. Works* v. *Judges of Onondaga,* 1 Cowen's Rep. 54. *Waterman & Wells* v. *Allen,* id. 60.)

*Seely,* in reply, agreed that the *exoneretur* should be entered as to Oddie if he had applied, but then it should be so done as not to interefere with the recourse of the plaintiff

against the other defendants. They have with a know-ledge of all the facts, pleaded *nul tiel record*, the cause is noticed for trial on that issue; and it is too late for them to apply to set aside the proceedings for irregularity. They should have stayed proceedings before the plea, or have plead-ed the misjoinder, if it be one, in abatement. (1 Tidd, 594.)

NEW YORK, May, 1824.

Cooper v. Spicer.

Oddie was not served with process, and is not before the Court. He cannot be prejudiced by a recovery, which must be merely formal, as against him. (*Dando* v. *Tremper*, 2 John. Rep. 88. *Bank of Columbia* v. *Newcomb*, 6 id. 98. *Taylor* v. *Pettibone*, 16 id. 66.)

It was necessary, in point of form to proceed against all the bail, until such as are entitled to be relieved procure their names to be stricken out of the bail piece by an *exoneretur*. (1 Tidd, 224. *Tubb* v. *Tubb*, 1 Wils. 337. *The People* v. *Judges of Onondaga*, 1 Cowen's Rep. 54. *Waterman & Wells* v. *Allen*, id. 60. *Flack* v. *Eager*, 4 John Rep. 185.) The undertaking of all joint and several parties is joint as to all, or several as to each, and the plaintiff therefore could not proceed in a joint action without adding the name of Oddie. (1 Tidd, 995, 997. Hammond on Parties to Actions, 21. Aleyn, 21.)

In 1 Tidd, 224, it is said expressly, that, until the bail excepted to be stricken out of the bail piece, they are liable to be proceeded against. And in *Walter* v. *Green and three others*, (Say. 308,) upon a rule to show cause why two of the defendants, who had been excepted to, should not be stricken out of the bail piece, and an *exoneretur* entered as to them, the other two having justified, and a *scire facias* being instituted against the four, the master reported that the names of such persons are always continued on the bail piece, unless a rule of Court be made for striking them out. And the Court being inclined to make this rule abso-lute, upon its being said that, if it should be done, the other two defendants might plead *nul tiel record* to the *scire facias*, it was discharged; and a rule was afterwards made that proceedings upon the *scire facias* should be stayed as to the two defendants who applied to have their names stricken out of the bail piece. It is the uniform course to move for

an *exoneretur.* (*Fulke* v. *Bourke,* 1 Bl. Rep. 462. *Humphrey* v. *Leite,* 4 Burr. 2107;) and if proceedings have been commenced against all, those whose names are stricken out must first pay the costs. (*Humphrey* v. *Leite,* 4 Burr. 2107. *Gould et al.* v. *Holdron,* 7 East, 580. *Fulke* v. *Bourke,* 1 Bl. Rep. 462. 1 Tidd, 224.) They continue bail for the purpose of surrendering the principal. (1 Tidd, 224. *Rex* v. *Sheriff of Essex,* 5 T. R. 633. 2 Bl. Rep. 758.)

The recognizance roll relates back to the time of filing the bail. In judgment of law it is enrolled as of that time. In technical presumption, it is filed with the bail piece, at a time when the plaintiff cannot know that the bail will be excepted to.

*Curia.* Had Oddie applied, we should doubtless have directed an *exoneretur,* but he is not before the Court in any shape. The other bail have no right to apply for him.

Then this exception is introduced as matter of defence upon the trial. It is said that Oddie is not bail; that he ceased to be so on entering the exception and neglect to justify. This is true to every substantial purpose. He ceased to be bail, and the plaintiff does not pursue him with the view to make him liable, but merely as a formal party to the record. There is no difficulty in seeing what the rights of parties are. The only difficulty is in the form of adjusting those rights. Strike out the name of Oddie, and the other defendants will then object the misjoinder. Oddie has never applied to have his name stricken from the bail piece; and we think he continues bail, in form till this is done. The view taken of this question by the plaintiff's counsel is correct. *Walter* v. *Green and others,* is in point. Oddie can never be charged as bail, if he apply for an *exoneretur ;* but he may also waive that right and submit to be charged together with the other defendants. The proceeding here is under the joint debtor act. He is not served with process, and the plaintiff may have his judgment on filing a stipulation not to take out execution against Oddie ; or the rule may be entered with a stay of execution against him.

RULE: That the application in behalf of the defendant Oddie, be denied with costs, that a stay of proceedings be so granted as to preclude an actual levy upon the person or property of the defendant Oddie, under the judgment in this cause; and on reading, &c., notice of trial by the record, &c., and on reading the record of recognizance; and on motion, &c., ordered judgment for the plaintiff.